# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-31277
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 24, 2019

Lyle W. Cayce
Clerk

MARY F. EDMISTON,

      Plaintiff – Appellant,

v.

LOUISIANA SMALL BUSINESS DEVELOPMENT CENTER,

      Defendant – Appellee.

Appeal from the United States District Court
for the Western District of Louisiana

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.
JENNIFER WALKER ELROD, Circuit Judge:

This case requires us to determine whether the Louisiana Small Business Development Center is a juridical entity capable of being sued under federal law for alleged age discrimination.  Holding that it is not, we AFFIRM the district court's dismissal for failure to state a claim.

I.

Mary Edmiston, proceeding *pro se*, alleges that she was, *inter alia*, an office manager for the Louisiana Small Business Development Center (LSBDC) on the campus of Northwestern State University at Natchitoches. She alleges that she is over 71 years old and was fired because of age discrimination, in violation of the Age Discrimination in Employment Act

No. 18-31277

(ADEA) of 1967,[1] and in an act of retaliation, in violation of Title VII of the Civil Rights Act of 1964.[2]

Edmiston's complaint originally named the LSBDC and the State of Louisiana as defendants. She amended her complaint to remove the State of Louisiana. The Louisiana Attorney General's office moved to dismiss under Rule 12(b)(6) on the grounds that the LSBDC is not a legal entity and thus lacks capacity to be sued. Edmiston moved to amend her complaint again to add the State of Louisiana and the Board of Supervisors for the University System of Louisiana as defendants.

A magistrate judge recommended 12(b)(6) dismissal for failure to state a claim and denial of the motion to amend as futile. The magistrate judge acknowledged that there was not caselaw directly on point for whether the LSBDC was an independent juridical entity. Nonetheless, the magistrate judge concluded that the LSBDC did not exist separate and apart from the Board of Supervisors for the University of Louisiana System, and that the Board of Supervisors was immune from suit because the ADEA does not abrogate state sovereign immunity. As to the Title VII claim—for which state sovereign immunity would be abrogated—the magistrate judge noted that Title VII applies only to claims based on race, color, religion, sex, or national origin, and thus a claim alleging retaliation for complaining about age discrimination cannot be brought under Title VII.

The district court adopted all of the magistrate judge's recommendations and additionally held that the LSBDC does not meet the definition of an "employer" under 29 U.S.C. § 630(b) of the ADEA (defining "employer" to mean, *inter alia,* an entity with twenty or more employees).

---

[1] Pub. L. No. 90-202 (codified as amended at 29 U.S.C. §§ 621–634).

[2] Pub. L. No. 88-352 (codified as amended at 42 U.S.C. § 2000e *et seq*).

No. 18-31277

Edmiston filed a timely notice of appeal, and this court has jurisdiction pursuant to 28 U.S.C. § 1291. Edmiston argues on appeal that: (1) LSBDC is an independent juridical entity that is not entitled to state sovereign immunity; and that (2) LSBDC is an employer for ADEA purposes.[3] Our analysis starts and ends with argument (1).[4]

## II.

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is subject to *de novo* review. *Johnson v. Hous. Auth. of Jefferson Par.*, 442 F.3d 356, 359 (5th Cir. 2006). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To state a claim to relief that is plausible, the claim must be made against a juridical entity that has the capacity to be sued and "enjoy[s] a separate legal existence." *See Darby v. Pasadena Police Dep't,* 939 F.2d 311, 313 (5th Cir. 1991) (citation omitted). Although we must accept as true all factual allegations in the complaint, that presumption does not extend to legal conclusions. *Ashcroft*, 556 U.S. at 678.

## III.

The Federal Rules of Civil Procedure direct that the capacity of an entity which is neither an individual nor a corporation to be sued in federal court is determined by state law. Fed. R. Civ. P. 17(b)(3). Under Louisiana law, "[t]here are two kinds of persons: natural persons and juridical persons. A

---

[3] She also appears to argue that the LSBDC acted in bad faith and that she has been denied procedural and substantive due process. These arguments are not in the complaint, and Edmiston does not refer us to anywhere in the record where they were raised before the district court. We do not consider theories of relief raised for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

[4] As such, we do not address whether the LSBDC is an "employer" for the purposes of the ADEA.

natural person is a human being. A juridical person is an entity to which the law attributes personality, such as a corporation or a partnership." La. C. C. Art. 24. The Louisiana Supreme Court has held that "[i]n the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity." *Roberts v. Sewerage & Water Bd. of New Orleans*, 634 So. 2d 341, 347 (La. 1994).

Edmiston marshals several data points supporting her argument that the LSBDC is an independent juridical entity and not an arm of the Board of Supervisors. First, she points to an opinion from the Supreme Court of Virginia, which she argues held that a Virginia small business development center was a juridical entity that could be sued and was not entitled to state sovereign immunity. *See Dr. William E.S. Flory Small Bus. Dev. Ctr., Inc. v. Commonwealth*, 541 S.E.2d 915 (Va. 2001). Second, she points to an alleged agreement between the U.S. Small Business Administration (SBA) and the LSBDC which states that "the SBDC state/regional director *must have full authority* to manage and implement the budget *without restrictions from the host entity*."[5] Third, she points to the LSBDC's website, which she notes is a ".org," and not a ".gov" or ".edu." Fourth, she points to a Louisiana statute directing that the Louisiana Workforce Advisory Council shall be comprised of, *inter alia*, the LSBDC and several other organizations from the "general business community." La. Rev. Stat. § 23:2043(11)(c)(xi). Fifth, she asserts, without citation, that the LSBDC can accept separate donations and is a "juridical legal tax-exempt entity in accord with the [I.R.S.]."

---

[5] Edmiston cites the text of an announcement hosted online, and her brief does not direct this court to where, if anywhere, an actual agreement between the LSBDC and the SBA can be found in the record. However, the Appellee's brief does not challenge this point.

No. 18-31277

The Appellee responds by observing that the statute creating the LSBDC office in question explicitly says that it "shall be subject to the constitutional authority of the Board of Regents and the Board of Supervisors for the University of Louisiana System." *See* La. Rev. Stat. § 17:1812(A).  As far as the Appellee is concerned, this ends the inquiry.  The Appellee asserts that LSBDC's agreement with the SBA and its enumeration among organizations from the "general business community" in La. Rev. Stat. § 23:2043(11)(c)(xi) cannot overcome the fact that the positive law establishing the LSBDC places it under the authority of the Board of Supervisors.  Lastly, the Appellee asserts that any reliance on the Virginia Supreme Court's decision in *Flory* would be in error, because the small business development center at issue there was a non-stock corporation, whereas here the LSBDC is not a corporation.

We agree with the Appellee that the LSBDC is not an independent juridical entity under Louisiana law.  Under Louisiana law, a governmental entity is an independent juridical entity when "the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity." *Roberts*, 634 So. 2d at 347.  The parties have not briefed, nor have we discovered, any Louisiana caselaw to specifically address whether an entity like the LSBDC would be a juridical entity.  Nonetheless, we will make an *Erie* guess[6] that the Supreme Court of Louisiana would not hold the LSBDC to be an independent juridical entity.

By statute, the LSBDC office at issue in this case was "establish[ed] and operate[d]" by Northwestern State University at Natchitoches and expressly made "subject to the constitutional authority of the Board of Regents and the Board of Supervisors for the University of Louisiana System."  La. Rev. Stat. § 17:1812(A).  Edmiston does not point us to any positive law enacted by the

---

[6] *See generally Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

No. 18-31277

State of Louisiana that departs from La. Rev. Stat. § 17:1812(A) to vest the LSBDC with the legal capacity to function independently of the Board of Supervisors. In that respect, the relationship between the LSBDC and the Board of Supervisors seems analogous to that between a Louisiana sheriff's office and a Louisiana sheriff, where we have held that Louisiana sheriffs are juridical entities that can be sued, but Louisiana sheriff's offices are not. *See Cozzo v. Tangipahoa Parish Council—President Gov't*, 279 F.3d 273, 283 (5th Cir. 2002); *see also Ferguson v. Stephens*, 623 So.2d 711, 714–15 (La. App. 4th Cir. 1993) (noting that "the Jefferson Parish Sheriff's Office was simply an office operated by the Sheriff of Jefferson Parish whose authority is derived from the state constitution" (citing La. Const. art. 5, § 27)).

Therefore, we conclude that the LSBDC is not an independent juridical unit capable of being sued, and that the proper party to name as a defendant would have been the Board of Supervisors.

Furthermore, the Board of Supervisors is an arm of the state entitled to state sovereign immunity against claims brought under the ADEA. *See Richardson v. S. Univ.,* 118 F.3d 450, 456 (5th Cir. 1997) (holding the Board of Supervisors to be an arm of the state); *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 67 (2000) (holding that the ADEA did not validly abrogate state sovereign immunity). As such, amending the complaint to name the Board of Supervisors as a defendant in this case would have been futile. *See Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) (noting the district court "acts within its discretion in denying leave to amend where the proposed amendment would be futile because it could not survive a motion to dismiss").

For those reasons, the district court's dismissal for failure to state a claim is AFFIRMED.