# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 20-40368

————

United States Court of Appeals
Fifth Circuit

**FILED**

June 22, 2020

Lyle W. Cayce
Clerk

In re: HIDALGO COUNTY EMERGENCY SERVICE FOUNDATION,

Debtor.

HIDALGO COUNTY EMERGENCY SERVICE FOUNDATION,

Appellee,

versus

JOVITA CARRANZA, U.S. Small Business Administration,

Appellant.

————

Appeal from the United States District Court
for the Southern District of Texas

————

Before SMITH, HIGGINSON, and ENGELHARDT, Circuit Judges.
JERRY E. SMITH, Circuit Judge:

As the reality of the coronavirus global pandemic took hold, markets plummeted and unemployment soared. Congress responded with the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Stat.

No. 20-40368

281 (2020) ("CARES Act").  The CARES Act, *inter alia*, made $659 billion of government-guaranteed loans available to qualified small businesses through the Paycheck Protection Program ("PPP").[1]  The PPP is implemented under section 7(a) of the Small Business Act, 15 U.S.C. § 636, which is administered by the Small Business Administration ("SBA").

The SBA quickly promulgated several regulations concerning PPP eligibility.  At issue here is its determination that "[i]f [an] applicant . . . is the debtor in a bankruptcy proceeding, . . . th[at] applicant is ineligible to receive a PPP loan."  Business Loan Program Temporary Changes; Paycheck Protection Program—Requirements—Promissory Notes, Authorizations, Affiliation, and Eligibility, 85 Fed. Reg. 23,450, 23,451 (Apr. 28, 2020).

Hidalgo County Emergency Service Foundation ("Hidalgo")—which is in Chapter 11 bankruptcy—alleges that it was denied a PPP loan based on its status as a bankruptcy debtor.  It filed an adversary proceeding against the SBA in bankruptcy court, contending that the SBA's decision to preclude bankrupt parties from obtaining PPP loans (1) violates 11 U.S.C. § 525(a), which prohibits discrimination based on bankruptcy status under certain circumstances, (2) is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A), and (3) is "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," *id.* § 706(2)(C).

The bankruptcy court sided with Hidalgo and issued a preliminary injunction mandating that the SBA handle Hidalgo's PPP application without consideration of its ongoing bankruptcy.  The district court stayed the

---

[1] Congress initially funded the PPP with $349 billion, CARES Act § 1102(b)(1), 134 Stat. at 293, then increased that to $659 billion, Paycheck Protection Program and Health Care Enhancement Act, Pub. L. No. 116-139, § 101(a)(1), 134 Stat. 620, 620 (2020).

preliminary injunction and certified the case for direct appeal to the Fifth Circuit. We granted permission to take the direct appeal under 28 U.S.C. § 158(d).

As a threshold matter, the SBA Administrator contends that the Small Business Act forecloses injunctive relief by providing that "no . . . injunction . . . shall be issued against the Administrator or his property." 15 U.S.C. § 634(b)(1). Additionally—and as Hidalgo concedes—"this [c]ircuit has concluded that all injunctive relief directed at the SBA is *absolutely prohibited*."[2] Hidalgo requests that we create "an exception" to that absolute prohibition "under the extreme facts and highly compressed time frame presented in this case" or that the doctrine "should be revisited entirely." Under our well-recognized rule of orderliness, however, a panel of this court is bound by circuit precedent. *See Teague v. City of Flower Mound*, 179 F.3d 377, 383 (5th Cir. 1999).

The issue at hand is not the validity or wisdom of the PPP regulations and related statutes, but the ability of a court to enjoin the Administrator, whether in regard to the PPP or any other circumstance. Because, under well-established Fifth Circuit law, the bankruptcy court exceeded its authority when it issued an injunction against the SBA Administrator, we VACATE its preliminary injunction.

---

[2] *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1290 n.6 (5th Cir. 1994) (emphasis added) (quotation marks omitted); *see also Valley Constr. Co. v. Marsh*, 714 F.2d 26, 29 (5th Cir. 1983) ("The Small Business Act, 15 U.S.C. § 634(b)(1), precludes injunctive relief against the SBA."); *Expedient Servs., Inc. v. Weaver*, 614 F.2d 56, 58 (5th Cir. 1980) ("Section 634(b)(1) provides, *inter alia*, that no 'injunction . . . or other similar process . . . shall be issued against the Administrator.' . . . [A] suit praying solely for injunctive relief against the Administrator is barred by the language of § 634(b)(1). Since we have determined that the sole relief prayed for in the instant case was injunctive in nature, the suit should have been dismissed.").