# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 21, 2022

Lyle W. Cayce
Clerk

No. 22-40049
Summary Calendar

Patrick L. Shumaker,

*Plaintiff—Appellant*,

*versus*

Isabella Guzman, Administrator of United States
Small Business,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:21-CV-477

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Patrick Shumaker filed this pro se appeal seeking to overturn the district court's denial of his motion for an emergency injunction to compel Isabella Guzman, Administrator of the United States Small Business

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-40049

Administration ("SBA"), to immediately issue funds to him pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("Cares Act"). *See* Pub. L. No. 116-136, 134 Stat. 281 (2020). Because we decline to do so, we affirm.

## I.

In May 2020, Shumaker was awarded an Economic Injury Disaster Loan ("EIDL") Advance in the amount of $1,000 under Section 1110(e) of the Cares Act. Shumaker, however, claimed that he was entitled to the maximum amount allowable under this provision of the Cares Act, which was $10,000. In September 2021, the SBA contacted Shumaker and notified him that it was unable to verify the existence of an eligible business as reflected in his application for the additional funds. Two months later, Shumaker filed suit in Hidalgo County, Texas, against Guzman in her capacity as the SBA administrator. Therein, he alleged that Guzman violated Section 1110 of the Cares Act and Section 5002 of the American Rescue Plan[1] by requesting his tax returns to verify his business eligibility and for not issuing the additional EIDL funds that he had requested. The case was removed to federal court in December 2021 and Shumaker moved for an emergency injunction seeking to compel Guzman to immediately approve and issue the funds he sought in his EIDL application. The district court denied Shumaker's motion and this appeal followed.

## II.

We review "the grant or denial of a preliminary injunction for abuse of discretion, with any underlying legal determinations reviewed *de novo* and factual findings for clear error." *Topletz v. Skinner*, 7 F.4th 284, 293 (5th Cir. 2021).

---

[1] Pub. L. No. 117-2, 135 Stat. 4 (2021).

No. 22-40049

### III.

As a threshold matter, we agree with Guzman that the SBA forecloses injunctive relief by providing that "no . . . injunction . . . shall be issued against the Administrator or his property." 15 U.S.C. § 634(b)(1). Moreover, this court has recently reiterated that "all injunctive relief directed at the SBA is absolutely prohibited." *See In re Hidalgo Cnty. Emergency Serv. Found.*, 962 F.3d 838 (5th Cir. 2020). This language clearly and unambiguously applies to *all* injunctive relief directed at the SBA—not just injunctive relief in the bankruptcy context as Shumaker appears to contend on appeal. For these reasons, we hold that the district court did not err in denying Shumaker's motion for an emergency injunction.

### IV.

The district court's judgment is AFFIRMED.