# United States Court of Appeals
# for the Fifth Circuit

No. 22-40409
Summary Calendar
CONSOLIDATED WITH
No. 22-40496

United States Court of Appeals
Fifth Circuit

**FILED**
February 1, 2023

Lyle W. Cayce
Clerk

PATRICK L. SHUMAKER,

*Plaintiff—Appellant*,

*versus*

ISABELLA GUZMAN, ADMINISTRATOR OF UNITED STATES
SMALL BUSINESS,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:21-CV-477

Before SMITH, DENNIS, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:*

In November 2021, Patrick Shumaker filed suit *pro se* in Texas state court against Isabella Guzman, the Administrator of the Small Business Administration ("SBA"). Shumaker's claims are based on Guzman's failure

---

* This opinion is not designated for publication. See 5TH CIR. R. 47.5.

to fund completely his requested Emergency Economic Injury Disaster Loans ("EIDL"). *See* 15 U.S.C. § 9009(e)(1)–(3). Shumaker argues that such failures violated Section 1110 of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), *see* Pub. L. No. 116-136, § 1110, 134 Stat. 281 (2020), and Section 5002 of the American Rescue Plan Act, *see* Pub. L. No. 117-2, § 5002, 135 Stat. 4 (2021). Shumaker was denied full funding due to difficulties verifying his identity and business.

After Administrator Guzman removed the suit to the United States District Court for the Southern District of Texas, Shumaker filed an amended complaint and a Motion for Emergency Injunction. He sought to have the district court order Guzman and the SBA to fund his EIDL requests in full and immediately. The district court denied the motion. Shumaker appealed, and we affirmed. We held that the sought injunctive relief was beyond the authority of the district court because the SBA forecloses all injunctive relief "against the Administrator or his property." *Shumaker v. Guzman*, No. 22-40049, 2022 WL 1183712, at *1 (5th Cir. Apr. 21, 2022) (quoting 15 U.S.C. § 634(b)(1)). We later denied Shumaker's separately filed request for a writ of mandamus. *Shumaker v. Guzman*, No. 22-40042, 2022 WL 1183712, at *1 (5th Cir. June 30, 2022).

This appeal arises from the district court's grant of Guzman's motion to dismiss all claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The district court also denied Shumaker's motion for partial summary judgment.

We review the dismissal of Shumaker's claims *de novo*. *See Cantú v. Moody,* 933 F.3d 414, 419 (5th Cir. 2019). A party may move under Rule 121(b)(1) to dismiss a claim for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th

Cir. 1998) (quotation marks and citation omitted).  When claims are brought against the United States and its agencies, sovereign immunity means "the United States may not be sued except to the extent that it has consented to suit by statute."  *Alabama-Coushatta Tribe of Tex. v. United States*, 757 F.3d 484, 488 (5th Cir. 2014) (quotation marks and citation omitted).  The court lacks jurisdiction if "the United States has not consented to suit or the plaintiff has not met the terms of the statute."  *Id.* (quoting *Koehler v. United States*, 153 F.3d 263, 266 (5th Cir. 1998)).

Dismissal is also appropriate under Rule 12(b)(6) when a plaintiff fails "to state a claim upon which relief can be granted."  Rule 12(b)(6) is read in conjunction with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  Although this standard does not require detailed factual allegations, a plaintiff must provide the grounds of his entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint and any other matters properly considered must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  The court views the well-pled facts "in the light most favorable to the nonmovant."  *Machete Productions, L.L.C. v. Page*, 809 F.3d 281, 287 (5th Cir. 2015).

We start with our holding in an earlier appeal that Shumaker is barred from injunctive relief to the extent he requests it.  *Shumaker*, 2022 WL 1183712, at *1.  In his amended complaint, Shumaker sought a "temporary restraining order prohibiting the Defendant from paying out any economic injury disaster loan, until the Plaintiff's EIDL increases, targeted, and

supplement advance are funded."[1]  As the district court stated, though, the Small Business Act bars injunctive relief against the Administrator or his property.  15 U.S.C. § 634(b)(1).  This court has explicitly held that there is an absolute statutory bar to any injunctive relief against the SBA.  *In re Hidalgo Cnty. Emergency Serv. Found.*, 962 F.3d 838, 840 (5th Cir. 2020).

We next consider whether the SBA's decision regarding Shumaker's EIDL requests is, as the district court held, "agency action [] committed to agency discretion by law" and therefore unreviewable.  *See* 5 U.S.C. § 701(a)(2).  In his amended complaint, Shumaker sought review under the Administrative Procedure Act ("APA").  Under the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702.  "Section 702 of the APA 'waives sovereign immunity for actions against federal government agencies, seeking nonmonetary relief, if the agency conduct is otherwise subject to judicial review.'"  *Louisiana v. United States*, 948 F.3d 317, 321 (5th Cir. 2020) (quoting *Alabama-Coushatta*, 757 F.3d at 488).

As mentioned earlier, though, judicial review does not apply "to the extent that . . . agency action is committed to agency discretion by law."  § 701(a)(2). This includes statutes that grant agency discretion "in such broad terms that in a given case there is no law to apply, such as the allocation of funds from a lump-sum appropriation."  *Texas v. United States*, 809 F.3d 134,

---

[1] In his brief here, Shumaker requests a "declaratory judgment commanding the U.S. Small Business Administration immediately fund all EIDL grants that the Petitioner is entitled," which defendant argues is essentially injunctive relief.  Other substantive relief sought by Shumaker in his brief was not included in his amended complaint and appears to be sought for the first time on appeal.  "We do not consider theories of relief raised for the first time on appeal." *Edmiston v. Louisiana Small Bus. Dev. Center*, 931 F.3d 403, 406 n.3 (5th Cir. 2019).

165 (5th Cir. 2015) (quotation marks, citations, and alterations omitted). "[I]f the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion," it is unreviewable. *Heckler v. Chaney*, 470 U.S. 821, 830 (1985).

Under Section 1110(e) of the CARES Act, an eligible entity that applies for a loan under 15 U.S.C. § 636(b)(2) "may request that the Administrator provide an advance" within three days of "not more than $10,000." Pub. L. No. 116-136, § 1110, 134 Stat. 281, 307 (2020); 15 U.S.C. § 9009(e)(1)-(3). There is no statutory requirement, though, that the SBA provide $10,000 or any amount. Congress, instead, has prescribed a cap on the amount, rather than directing the SBA to provide a specific amount. *See* § 9009(e)(3). We agree with the district court that the SBA has discretion in awarding advances under Section 1110(e), and that discretion is sufficiently unfettered to preclude this court from overturning the agency's decisions to decline Shumaker's requests.

Section 5002(b)(2)(B) of the American Rescue Plan Act similarly does not require the SBA to fund all requested EIDL Advances; that decision is also "committed to agency discretion by law." 5 U.S.C. § 701(a)(2).

Finally, the remaining breach of contract claims, constitutional claims, and alleged violations by the SBA of civil rights and lending statutes in Shumaker's amended complaint are conclusory allegations that lack factually specific support to state a legally cognizable claim on which relief may be granted. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

AFFIRMED.