# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-50457
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

November 22, 2023

Lyle W. Cayce
Clerk

Adrian Gilliard,

*Plaintiff—Appellant*,

*versus*

Groesbeck Police Department; Chris Henson; John Blanco; Limestone District Attorneys Office; Kathleen Coffey,

*Defendants—Appellees*.

————————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:23-CV-36

————————————————————————

Before Stewart, Clement, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Adrian Gilliard has filed a motion to proceed in forma pauperis (IFP) in the instant appeal from the dismissal of his civil rights complaint for failure to state a claim. Gilliard's IFP motion challenges the district court's determination that the appeal is not taken in good faith. *See Baugh v. Taylor*,

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

In support of his IFP motion, Gilliard has filed a rambling pro se brief that does little more than repeat some of the factual allegations he made in the district court regarding an incident that occurred on April 25, 2022.[1] He does not meaningfully address the district court's stated reasons for dismissing his claims; arguably he has failed to adequately brief any issue. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). However, even if we regard Gilliard's repetition of relevant factual allegations as sufficient briefing, Gilliard fails to show that there is a nonfrivolous issue for appeal.

In connection with his false arrest claim, Gilliard renews his contention that he did not make physical contact with his estranged wife in an incident that occurred in a church parking lot. However, his pleadings fail to "plausibly allege that [the defendants] did not have probable cause to arrest him." *Arnold v. Williams*, 979 F.3d 262, 269 (5th Cir. 2020) (internal quotation marks and citation omitted).

Gilliard's claim against John Blanco for the alleged loss of property revolves around the contention that, due to Blanco's failure to investigate, Blanco did not understand that Gilliard's vehicle was his separate property, despite the Texas community property regime. However, this claim sounds

---

[1] To the extent that Gilliard's pleadings raised claims based on events that occurred on any other date, he has abandoned such claims by failing to brief them. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

in negligence, and "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986). To the extent that Gilliard asserts in his brief that Chris Henson played a role in the loss of his property by physically handing the keys to his wife, we note that Gilliard did not make such a factual allegation in his district court pleadings. This court "will not allow a party to raise an issue for the first time on appeal merely because a party believes that he might prevail if given the opportunity to try a case again on a different theory." *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999) (internal quotation marks and citation omitted). As for his claim against the Groesbeck Police Department, Gilliard's contention that city policy was violated when the police failed to impound his uninsured vehicle and instead allowed his wife to drive it fails to demonstrate that the city's policy or custom was the "moving force" of the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978).

As the district court determined, Kathleen Coffey is entitled to absolute immunity for actions performed within the scope of her prosecutorial duties. *See Imbler v. Pachtman*, 424 U.S. 409, 420 (1976). Gilliard makes no cogent argument that Coffey's actions in his case are not entitled to immunity. Finally, Gilliard fails entirely to reprise any factual allegations regarding the Limestone District Attorney's Office (LDAO), nor does he address the district court's determination that the LDAO is not a separate legal entity that can be sued. *See Edmiston v. Louisiana Small Bus. Dev. Ctr.*, 931 F.3d 403, 406 (5th Cir. 2019). He has therefore abandoned the claim. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (1993).

In view of the foregoing, Gilliard fails to show that his appeal will involve a nonfrivolous issue. *See Howard*, 707 F.2d at 220. Accordingly, his

No. 23-50457

IFP motion is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.