# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 10, 2024

Lyle W. Cayce
Clerk

———————

No. 24-30181

———————

Landscape Images Limited,

*Plaintiff—Appellant*,

*versus*

IberiaBank Corporation; First Horizon Bank,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CV-1324

———————————————————————

Before Higginbotham, Stewart, and Haynes, *Circuit Judges*.
Per Curiam:[*]

During the height of COVID-19, the government took steps to assist those economically affected by the pandemic. One such step was the CARES Act, Pub. L. No. 116-136, 134 Stat. 281 (2020), which allowed the Small Business Administration ("SBA") to provide government-backed loans to qualified small businesses. Eventually, most of those loans were forgiven. *See* 15 U.S.C. § 636m(b).

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-30181

This case involves a request for one of those loans. Plaintiff Landscape Images, Ltd., ("Landscape") applied for an SBA loan from Defendant First Horizon.[1] Landscape alleges that First Horizon, a creditor approved by the SBA to distribute the government-guaranteed loans, failed to timely notify Landscape of the status of the loan, violating 12 C.F.R. § 1002 ("Regulation B"), an implementing regulation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691–1691f.

In its order dismissing the amended complaint with prejudice, the district court found that Landscape failed to plausibly state a claim for relief. The court determined that Landscape included factual allegations—and attached documents—conclusively demonstrating that First Horizon complied with Regulation B's notice requirement.

The issues before us are: (1) whether the district court correctly dismissed Landscape's amended complaint, and (2) whether the district court abused its discretion by denying Landscape further opportunity to amend its complaint. We hold that the court below was correct on both grounds. Accordingly, we AFFIRM.

## I.    Background

### A. Statutory Background

The ECOA, the seminal fair-lending law, prohibits discrimination by creditors against borrowers. *See* 15 U.S.C. §§ 1691–1691f. To guarantee above-board practices, the statute imposes a variety of obligations on lenders.

---

[1] Codefendant IberiaBank Corp. asserts that it was improperly named as the Defendant in this action. It argued before the district court, and maintains on appeal, that First Horizon Bank is the successor by merger to IberiaBank Corp. and the proper Defendant in this action. Because we affirm this suit's dismissal on other grounds, we do not address this issue. For simplicity, we refer to Defendants collectively as "First Horizon."

Relevant here is the requirement that creditors, upon receipt of a "completed application," notify loan applicants of the "action" that has been taken on the application. *Id.* § 1691(d)(1).

The ECOA's default timeframe for creditors to provide such notice is thirty days. *Id.* However, the statute also states that the Consumer Financial Protection Bureau ("CFPB") may provide creditors with a "longer reasonable time" via regulation. *Id.* To effectuate this statutory provision, the CFPB has adopted Regulation B. 12 C.F.R. § 1002. Regulation B places different requirements of timely notice on creditors, depending on the gross revenue of the loan applicant. *Id.* § 1002.9(a). The CFPB has also, in line with its general rulemaking and enforcement authority under the ECOA, 15 U.S.C. § 1691b, defined a "completed" application: one where "a creditor has received all the information that the creditor regularly obtains and considers in evaluating applications for the amount and type of credit requested." 12 C.F.R. § 1002.2(f).

In light of COVID-19, the CARES Act helped small businesses by establishing the Paycheck Protection Program ("PPP"), Pub. L. No. 116-139, § 101(a)(1), 134 Stat. 620, 620 (2020). *See Hidalgo Cnty. Emergency Serv. Found. v. Carranza* (*In re Hidalgo Cnty. Emergency Serv. Found.*), 962 F.3d 838, 840 (5th Cir. 2020). The program called for private entities, like First Horizon, to process loans in cooperation with the SBA. *See* 15 U.S.C. § 636(a)(36)(F)(ii). As before, creditors had to comply with the ECOA in considering applications under the PPP.

During this time, the CFPB provided further guidance for creditors who had to conform with Regulation B when participating under the CARES Act. According to the CFPB, loan applications are not "complete" for ECOA purposes until one of two things has occurred—the creditor has received a loan number from the SBA, or the creditor has received a response

from the SBA about the availability of funds.[2]   Once one of those preconditions happens, creditors are obligated to provide notice regarding the status of a loan application within the applicable timeframe.

### B. Factual Background[3]

On April 2, 2021, the president of Landscape submitted a "Paycheck Protection Program Second Draw Borrower Application Form" to First Horizon.  On May 13, 2021, First Horizon notified Landscape of two things: First, the bank had—at some point—assigned Landscape's application an "Application Number."  Second, the SBA had exhausted all PPP funds. *Id.* The letter continued:  Any applicants that had "[a]pplied but ha[d] not been approved" would not receive PPP funding.

As Landscape had already submitted its application at that point, Landscape's certified public accountant, Kurt Von Derhaar, emailed a senior relationship banker at First Horizon, Chris Lafitte.  In his email, Von Derhaar requested an update regarding Landscape's loan application.  In response, Lafitte advised, in line with First Horizon's prior notice, that the funds for the PPP program had been exhausted.  Importantly, Lafitte also explained

---

[2] *See* CFPB, THE BUREAU'S EQUAL CREDIT OPPORTUNITY ACT AND REGULATION B FAQS RELATED TO THE COVID-19 EMERGENCY 2 (2020), https://files.consumerfinance.gov/f/documents/cfpb_ecoa-regulation-b_faqs-covid-19.pdf.  Landscape does not challenge the CFPB's official guidance in any regard. *See Greenlaw v. United States*, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.").

[3] As Landscape appeals the grant of a motion to dismiss, the recounted facts come from the amended complaint and the exhibits attached thereto. *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) ("The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.").

that the SBA informed First Horizon that all funds had been exhausted on May 4, 2021.

Landscape's president ultimately heard the comment from a supervisor at First Horizon that his application "fell through the cracks." May 13, 2021—forty-one days after Landscape submitted its application to First Horizon—was when Landscape learned that it would not receive the benefits of a PPP loan. Landscape alleges that forty-one days is untimely under the ECOA.

### C. Procedural Background

Landscape's original complaint alleged two causes of action against First Horizon: negligence under Louisiana state law and violations of the ECOA. The court dismissed the Louisiana state-law claims with prejudice, but it provided leave to amend the federal claim.[4] Thereafter, Landscape filed an amended complaint, which First Horizon again moved to dismiss.

The district court yet again granted First Horizon's motion to dismiss, but this time, it did so with prejudice. The district court concluded that Landscape included factual allegations—and attached documents to its amended complaint—conclusively demonstrating that First Horizon complied with Regulation B's notice requirement. It also found that further amendment to the ECOA claim would be futile.

Landscape timely appealed the district court's order granting the motion to dismiss, as well as its finding that providing leave to amend would be futile.

---

[4] Landscape does not appeal the district court's dismissal of the state-law claims, so we do not address them.

No. 24-30181

## II.    Standard of Review

We review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Petersen v. Johnson*, 57 F.4th 225, 231 (5th Cir. 2023).  Under the familiar *Twombly–Iqbal*[5] framework, a claim must have facial plausibility to survive a motion to dismiss, accepting as true the complaint's factual allegations and construing all reasonable inferences in favor of the plaintiff.  Importantly, that principle only goes so far: a plaintiff must articulate specific facts that allow the inference asked of us.  *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021).  Pleading "[c]onclusory allegations or legal conclusions" and labeling them "factual allegations" will not do. *Nix v. Major League Baseball*, 62 F.4th 920, 928 (5th Cir. 2023) (quotation omitted), *cert. denied*, 144 S. Ct. 165 (2023).

We review for abuse of discretion a denial of a motion for leave to amend.  *See Daly v. Sprague*, 675 F.2d 716, 723 (5th Cir. 1982).  "Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).  Futility occurs if the proposed amendments would fail to survive a Rule 12(b)(6) motion. *Id.*  Accordingly, the standard of review we apply to a finding of futility is "identical, in practice, to the standard used for reviewing a dismissal under Rule 12(b)(6)." *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152 (2010).

## III.    Discussion

The questions before us are (1) whether Landscape's amended complaint alleged a plausible violation of the ECOA, and (2) whether the

---

[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

district court abused its discretion by not allowing Landscape to submit a second amended complaint. We conclude Landscape does not prevail.

## A. Plausibility of ECOA claim

In short, Landscape pleaded itself out of relief. Its factual allegations demonstrate that First Horizon updated Landscape regarding the status of its loan application nine days after it received word on the availability of SBA funds. As we explain below, this complies with Regulation B's notice requirement.

### 1. Notice requirement under the ECOA

Landscape only identifies one provision of the ECOA with which First Horizon allegedly failed to comply: the notice requirement. Thus, we must see if any of the facts that Landscape included in its amended complaint—assumed true at this point of the proceeding—can allow for the supposition that First Horizon violated the ECOA and its implementing Regulation B.

With respect to the timing, the CFPB has promulgated two applicable time frames for a creditor to provide notice based on the size of an applicant's gross revenue. For small businesses that made less than $1 million of gross revenue in the financial year preceding their loan application, a creditor has thirty days to provide an update. 12 C.F.R. § 1002.9(a)(3)(i). For business applicants that had gross revenue of more than $1 million in the preceding year, the creditor must give notice "within a reasonable time." *Id.* § 1002.9(a)(3)(ii)(A). The regulation does not expressly define "reasonable time"; but thirty days would obviously be reasonable, and a greater period of time could also be reasonable. *See* Equal Credit Opportunity (Regulation B), 76 Fed. Reg. 79442, 79478 (Dec. 21, 2011) (stating that notice given within thirty days is always reasonable). In determining which time period applies,

"a creditor may rely on the applicant's assertion about the revenue size of the business." *Id.*

### 2. *Notice requirement as applied to Landscape's alleged facts*

Landscape attached its "Paycheck Protection Program Second Draw Borrower Application Form" to the amended complaint. Although Landscape redacted the portion of the document that demonstrated what it self-reported as gross revenue for the second quarter of 2020, First Horizon provided a nonredacted version of the application when moving to dismiss the amended complaint. The application indicated that Landscape had gross revenue of $765,297.10 for the second quarter of 2020. The district court used this unredacted exhibit to find that Landscape's gross revenue "likely exceeded $1 million." Thus, the district court concluded that the CFPB's "reasonable time" requirement applied to First Horizon. We agree.[6]

The next question is whether the amended complaint plausibly alleged that First Horizon failed to provide notice of its action on the application within a reasonable time. To recount the timeline again: According to Landscape, it submitted its application through the portal on April 2, 2021. On May 13, 2021, in a letter correspondence attached by Landscape to the amended complaint, First Horizon provided an application number, informed Landscape that all PPP funds had been depleted, and stated that all applicants who had not yet received an official loan number from the SBA would not receive a PPP loan. When Landscape followed up that same day,

---

[6] The district court went so far as to call Landscape's maneuver of redacting its gross revenue in its filings before the court, and then failing to address whether its gross revenue exceeded $1 million when confronted with an unredacted version of its loan application, "gamesmanship." Landscape has not raised any indication that its gross revenue for 2020 was less than $1 million, so we hold the district court's conclusion regarding the applicable regulation was accurate.

First Horizon explained that the bank had failed to process Landscape's application and that the SBA told creditors about the depleted funds on May 4, 2021.

Landscape's own timeline demonstrates the application was "completed" on May 4, 2021. As we have stated, the CFPB has provided that an application can only be "completed" in two ways: receipt of a *loan* number from the *SBA*, or an update from the SBA on the availability of funds. Landscape only ever alleged obtaining an *application* number from *First Horizon*. It would be unreasonable to infer—without such a pleaded allegation—that the SBA ever assigned to the application a loan number. Such a conjecture would be especially difficult in light of the claim that Landscape's application "fell through the cracks." Thus, the notice clock began running on May 4, the date that First Horizon received a response from the SBA regarding the availability of funds.

The ultimate determination for purposes of a plausible ECOA violation is therefore whether First Horizon provided a status update within a reasonable time after May 4, 2021. Landscape alleges that First Horizon informed it on May 13, 2021, that the loan application had not been processed. That is less than thirty days, and thus categorically reasonable.[7]

_____

[7] We note that even if we did not rely on CFPB's guidance regarding what constitutes a "completed application," we would reach the same result. The pleaded timeline indicates that Landscape uploaded its application through the portal on April 2, 2021, and First Horizon informed Landscape that it would not receive a PPP loan on May 13, 2021. This means that, at most, it took First Horizon forty-one days to provide a status update from the moment Landscape uploaded its application. Common sense would suggest that the "reasonable time" requirement of Regulation B permits a mere eleven additional days beyond the ECOA's default thirty days. *See* 12 C.F.R. § 1002.9(a)(3)(ii)(A).

### B. Leave to Amend

In response to First Horizon's second motion to dismiss, Landscape requested an opportunity to amend its complaint yet again. However, the district court determined that further amendment would be futile and dismissed the complaint in its entirety with prejudice. Under Federal Rule of Civil Procedure 15(a), there is a presumption in favor of allowing amendments. *See Wright v. Allstate Ins.*, 415 F.3d 384, 391 (5th Cir. 2005). But the presumption is not insurmountable. *See Foman v. Davis,* 371 U.S. 178, 182 (1962).

We hold that the district court did not abuse its discretion here for two reasons. First, the district court already provided an opportunity for Landscape to amend its federal claim, but it found that "the Amended Complaint was nearly a carbon copy of the original Complaint." The district court was not required to provide yet another opportunity for Landscape to amend. *See Foman,* 371 U.S. at 182 (explaining that a district court does not defy the liberal amendment standards of Rule 15(a) in light of "repeated failure to cure deficiencies by amendments previously allowed"); *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.,* 336 F.3d 375, 387 (5th Cir. 2003) (holding that leave to amend is properly denied when "[t]he record indicates that the second instance in which the district court granted [plaintiff] leave to amend was to cure the complaint's lack of specificity, which is the same basis on which [plaintiff] now argues he should be allowed to amend for a third time").

Second, "a bare bones motion to amend remains futile when it fail[s] to apprise the district court of the facts that [the plaintiff] would plead in an amended complaint." *Edionwe v. Bailey,* 860 F.3d 287, 295 (5th Cir. 2017) (internal quotation marks and citation omitted). Although Landscape requested yet another opportunity to amend, it failed to identify any

10

No. 24-30181

additional facts that could negate its pleaded timeline and somehow demonstrate that First Horizon failed to comply with the notice provisions of Regulation B.[8]  A mere call for amendment, without more, is not enough. Thus, we find no abuse of discretion in the district court's refusal to allow further amendment.

## IV.    Conclusion

For the above reasons, we AFFIRM the district court's judgment dismissing the case with prejudice.

---------------------------------

[8] Specifically, Landscape's response to the motion to dismiss stated:

> In the event the Court finds that the Complaint for Damages filed in the captioned proceedings fails to contain sufficient allegations to state a plausible claim, Plaintiff seeks leave of Court to amend its Complaint in an effort to state a plausible claim.  As the Court has previously stated: "This Court will "freely give leave [to amend] when justice so requires," but leave to amend "is by no means automatic." *Peony Fine Clothing, LLC v. State Farm Fire & Cas. Co.*, No. CV 21-1650-WBV-MBN, 2022 WL 742439, at *7 (E.D. La. Mar. 11, 2022).  The information contained in the instant Memorandum and the attached documentation clearly demonstrate that, if required, the amendment of the Complaint will not be futile.

But this last statement is inaccurate.  Although Landscape attached exhibits to its *first* amended complaint, it attached nothing to the response memorandum (nor did it file anything in the record) that could "clearly demonstrate" that "amendment of the Complaint w[ould] not be futile."